ROBERT A. HESSLING [State Bar No. 096466]
rhessling@dgdk.com
MATTHEW F. KENNEDY [State Bar No. 199485]
mkennedy@dgdk.com
DANNING, GILL, DIAMOND & KOLLITZ, LLP
2029 Century Park East, Third Floor
Los Angeles, California 90067
Telephone: (310) 277-0077
Facsimile: (310) 277-5735

Attorneys for
Amy L. Goldman,
Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

In re

BROCKMAN BUILDING LOFTS, LLC,

    Debtor.

Case No. 1:09-13713-KT

Chapter 7

**REPLY OF TRUSTEE TO OPPOSITION OF THERMO GRAND AVENUE, LLC TO MOTION OF TRUSTEE FOR ORDER: (1) AUTHORIZING TRUSTEE TO ASSUME AND ASSIGN PARKING LOT LEASE AND WAIVING 10-DAY STAY PERIOD UNDER FED.R.BANKR.P. 6006(d); OR (2) IN THE ALTERNATIVE, EXTENDING TIME TO ASSUME AND ASSIGN PARKING LOT LEASE; AND MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF KENNETH B. ROELKE**

Date: October 13, 2009
Time: 11:00 a.m.
Place: Courtroom "301"
       21041 Burbank Blvd.
       Woodland Hills, CA

    Amy L. Goldman, Chapter 7 Trustee ("Trustee") of the estate of Brockman Building Lofts, LLC ("Debtor"), submits the following reply to the opposition of Thermo Grand Avenue, LLC to the Motion of Trustee for Order: (1) Authorizing Trustee To Assume And Assign Parking Lot Lease And Waiving 10-Day Stay Period Under

1

343684 25210

Fed.R.Bankr.P. 6006(d); Or (2) In The Alternative, Extending Time To Assume And Assign Parking Lot Lease:

The gist of Thermo Grand's opposition to the Motion is that: (1) the assumption and assignment of the Lease Agreement (Residential Parking Usage Only) ("Parking Lot Lease") dated December 4, 2003 between Thermo Grand, as lessor, and the Debtor, as lessee, does not benefit the estate and the creditors; (2) the Motion is a misuse of the Bankruptcy Code; (3) there is no adequate assurance of future performance; and (4) the Parking Lot Lease was previously automatically terminated as a result of the violation of a use restriction. None of these arguments have any merit and do not warrant the denial of the Motion.

First, this case is admittedly a very unusual case. There is no equity in the real property consisting of the 12-story building at 520 West Seventh St., Los Angeles, California ("Brockman Building") and no anticipated carve-out for creditors. It is true that the Trustee could have simply abandoned the Brockman Building and walked away from the responsibilities and risks of operating the Brockman Building. But she did not do so as a matter of public policy. In her prior Motion of Trustee for Order Authorizing Trustee to: (1) Operate Debtor's Business and Property; (2) Incur and Use Credit; and (3) Pay Fees and Expenses of Business Manager on a Monthly Basis ("Operating Motion"), the Trustee stated the public policy purposes underlying the business operations:

> The business operations will enable BHFC to continue operating the Restaurant and thereby enable the Restaurant to: (1) remain viable; (2) preserve, and prevent the loss of, the employment of about 200 employees; and (3) avoid the hardships to the employees that would arise from the loss of

2

343684 25210

such employment, particularly during these difficult economic times.
(Operating Motion, p. 7, lines 19 - 25).

As indicated by the Trustee's declaration that was filed in support of the Operating Motion, the Trustee spoke with representatives of the Office of the United States Trustee regarding her operations of the business and the Brockman Building and, to the best of her knowledge, the United States Trustee does not oppose such operations. (See Trustee's declaration in support of Operating Motion, ¶15).

The courts in Chapter 11 cases have acknowledged that Congress has recognized that the continuation of the operations of a debtor's business as a viable entity benefits the national economy through the preservation of jobs and continued production of goods and services. See, e.g., In re Drexel Burnham Lambert Group, Inc., 138 B.R. 723, 759-60 (Bankr. S.D.N.Y. 1992). The United States Supreme Court has recognized that "[t]he fundamental purpose of reorganization is to prevent a debtor from going into liquidation, with an attendant loss of jobs and possible misuse of economic resources." NLRB v. Bildisco and Bildisco, 465 U.S. 513, 528, 104 S. Ct. 1188, 1197 (1984).

As a result of the business operations and with the assistance of her professionals, the Trustee has resolved numerous problems and issues regarding the Brockman Building, thereby enabling BHFC Operating, LLC, which operates an upscale casual restaurant, bar and gourmet food market known as Bottega Louie, to continue to operate, albeit quite successfully (as indicated by the accompanying Declaration of Daniel Flores being filed

3

343684 25210

concurrently herein), and preserve the employment of the restaurant employees.

Contrary to Thermo Grand's argument, there has not been any termination of the Parking Lot Lease. The term of the Parking Lot Lease does not commence until a final certificate of occupancy is obtained for the building. Such a final certificate has not yet been obtained. In addition, any alleged misconduct and default of the Debtor relates to the Debtor's use of the parking lot under the prior sublease with Central Parking. That sublease is not the subject of the Motion.

There is adequate assurance of future performance. The Bank intends to use either an existing affiliate of the Bank or to form and capitalize a new company, which will be the Nominee that will: (a) obtain the assignments of the Bank's rights, title and interests under the Loan Documents relating to the Property; (b) seek to foreclose under the trust deed affecting the Property; (c) establish a condominium owners' association with respect to the Property pursuant to applicable law; and (d) if the assumption, and the assignment of the Parking Lot Lease to the Nominee, are approved, cause the Nominee to expressly assume all of the lessee's obligations under the Parking Lot Lease, for further assignment to the owners' association, in order to insure, as required by the Parking Lot Lease, that the parking spaces will be included in the common area of the Property.

The Parking Lot Lease and the parking lot spaces are necessary for the building and the marketing of the condominium units. There are only about 36 parking spaces in the garage in the basement of the building. These spaces are insufficient for

4

the 80 condominium units and the future residents of the building. The forfeiture of the Parking Lot Lease will adversely affect the marketability of the building. The Bank realizes the importance of the parking lot and the Parking Lot Lease, and will enable the Nominee to provide the necessary funds to fully perform under the Parking Lot Lease.

Finally, the waiver of the 10-day stay is necessary unless, if the Motion is approved, the order granting the Motion is entered on before the deadline of November 17, 2009 to assume and assign the Parking Lot Lease.

Based upon the above reasons and the reasons in the Motion, the Trustee respectfully requests that the Court enter an order: (1) authorizing the Trustee to assume, and assign to the Nominee, the Parking Lot Lease with the right and obligation for further assignment by the Nominee of the Parking Lot Lease to a condominium owners' association to be formed by the Nominee, as contemplated by the Parking Lot Lease; and (2) waiving the 10-day stay in the event that the order is not entered by the deadline of November 17, 2009.

Dated: October 6, 2009    DANNING, GILL, DIAMOND & KOLLITZ, LLP

By: _____
ROBERT A. HESSLING
Attorneys for
Amy L. Goldman,
Chapter 7 Trustee

5

343684 25210

## DECLARATION OF KENNETH B. ROELKE

I, Kenneth B. Roelke, declare as follows:

1. I am the property manager of Amy L. Goldman, the Chapter 7 Trustee ("Trustee") of the estate of Brockman Building Lofts, Inc. ("Debtor").

2. I have personal knowledge of the facts in this declaration and, if called as a witness, I could testify competently to these facts.

3. I have been assisting the Trustee with respect to the operations of the 12-story building at 520 West Seventh St., Los Angeles, California. As a result of my property management, I have become very familiar with the amenities of the building, including parking spaces. The parking spaces are located in the garage in the basement. There are only about 36 spaces. There are about 80 condominium units in the building.

4. A final certificate of occupancy for the building has not yet been obtained.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 6, 2009 at Los Angeles, California.

_____
KENNETH B. ROELKE

6

340483 25210

| In re: BROCKMAN BUILDING LOFTS, LLC | CHAPTER: 7 |
|---|---|
| Debtor(s). | CASE NUMBER: 1:09-13713-KT |

NOTE: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 2029 Century Park East, Third Floor, Los Angeles, California 90067.

A true and correct copy of the foregoing document described as REPLY OF TRUSTEE TO OPPOSITION OF THERMO GRAND AVENUE, LLC TO MOTION OF TRUSTEE FOR ORDER: (1) AUTHORIZING TRUSTEE TO ASSUME AND ASSIGN PARKING LOT LEASE AND WAIVING 10-DAY STAY PERIOD UNDER FED.R.BANKR.P. 6006(d); OR (2) IN THE ALTERNATIVE, EXTENDING TIME TO ASSUME AND ASSIGN PARKING LOT LEASE; AND MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF KENNETH B. ROELKE will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On October 6, 2009, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:
Chapter 7 Trustee Amy L Goldman    stern@lbbslaw.com, agoldman@ecf.epiqsystems.com
Attys. for Thermo Grand Avenue, LLC Carl Grumer    cgrumer@manatt.com
Attys. for Trustee Robert A Hessling    rhessling@dgdk.com and Matthew F Kennedy    mkennedy@dgdk.com
Attys. for BHFC Operating, LLC Robbin L Itkin    ritkin@steptoe.com
Mette H Kurth    kurth.mette@arentfox.com
Attys. for Bank of America Kenneth N Russak    krussak@frandzel.com, filing@frandzel.com;banderson@frandzel.com
Attys. for Debtor Evan D Smiley    esmiley@wgllp.com
United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY OVERNIGHT MAIL (indicate method for each person or entity served):**
On October 6, 2009, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
VIA OVERNIGHT MAIL
Debtor: Brockman Building Lofts, LLC, 12121 Wilshire Blvd., Suite 214, Los Angeles, CA 90025
Hon. Kathleen Thompson, U.S. Bankruptcy Court, 21041 Burbank Blvd., Suite 305 Woodland Hills, CA 91367

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| October 6, 2009 | Beverly Lew | *[signature]* Beverly Lew |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

7

343684    25210