```
 1  ROBERT A. HESSLING [State Bar No. 096466]
    rhessling@dgdk.com
 2  MATTHEW F. KENNEDY [State Bar No. 199485]
    mkennedy@dgdk.com
 3  DANNING, GILL, DIAMOND & KOLLITZ, LLP
    2029 Century Park East, Third Floor
 4  Los Angeles, California 90067
    Telephone: (310) 277-0077
 5  Facsimile: (310) 277-5735

 6  Attorneys for
    Amy L. Goldman,
 7  Chapter 7 Trustee
```

### UNITED STATES BANKRUPTCY COURT

### CENTRAL DISTRICT OF CALIFORNIA

### SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re | ) Case No. 1:09-13713-KT |
| BROCKMAN BUILDING LOFTS, LLC, | ) Chapter 7 |
| Debtor. | ) **DECLARATION OF DANIEL FLORES IN SUPPORT OF REPLY OF TRUSTEE TO OPPOSITION OF THERMO GRAND AVENUE, LLC TO MOTION OF TRUSTEE FOR ORDER: (1) AUTHORIZING TRUSTEE TO ASSUME AND ASSIGN PARKING LOT LEASE AND WAIVING 10-DAY STAY PERIOD UNDER FED.R.BANKR.P. 6006(d); OR (2) IN THE ALTERNATIVE, EXTENDING TIME TO ASSUME AND ASSIGN PARKING LOT LEASE** |
| | ) Date: October 13, 2009 |
| | ) Time: 11:00 a.m. |
| | ) Place: Courtroom "301" |
| | )        21041 Burbank Blvd. |
| | )        Woodland Hills, CA |

I, Daniel Flores, declare:

1. I am the President of BHFC Operating, LLC ("BHFC").

2. I have personal knowledge of the facts in this declaration and, if called as a witness, could and would testify competently to these facts. My statements below are based upon my familiarity with the downtown restaurant and employer situation,

1

340483 25210

as a result of my personal monitoring of these matters and my conversations with customers, and based on reports provided to me by a dedicated employee of BHFC, whom I oversee, whose job it is to constantly monitor the development of the downtown Los Angeles area, including population, economic, traffic and marketing matters.

3. BHFC is the tenant of a 12-story building located at 520 West Seventh St., Los Angeles, California ("Brockman Building"). It is presently operating an upscale restaurant, bar and gourmet food market known as Bottega Louie ("Restaurant") on the Brockman Building's ground floor. The Restaurant (together with its kitchen and back-office operations) occupy essentially the entire ground floor of the Brockman Building.

4. Bottega Louie is a new restaurant. When we developed the concept and were identifying potential locations, we were attracted to the Brockman Building not only because of its location and physical characteristics, but also because we learned that it was slated for redevelopment into a live/work condominium project. The idea was that, while the new owner of the building, "Brockman Building Lofts, LLC," now the chapter 7 debtor in this case ("Debtor"), was converting the Brockman Building into a condominium Project, we would build-out the Restaurant improvements. Once the Brockman Building and Restaurant redevelopment work was completed, not only would we have the ability to market to the general public, but also to the residents of the condominiums. In addition to meals and cocktails that building residents might enjoy in our dining room and bar on a regular basis, we anticipate that building residents will be

2

significant customers of our gourmet market, deli and patisserie offerings.

5. We expended many millions of dollars to convert the space from basic office-retail usage to an upscale restaurant. This involved extensive improvements not only to the public areas of the restaurant, but also construction and installation of a state-of-the-art kitchen. Under the terms of our lease with the Debtor, the Debtor was to pay for a portion of the costs of these improvements ("tenant improvement work"). As of April 1, 2009, when the Debtor filed its bankruptcy petition ("Petition Date"), the Debtor owed BHFC at least $440,573.30 in unreimbursed tenant improvement costs. On September 29, 2009, BHFC filed a proof of claim in this case in the amount of at least $747,043.35, which includes the tenant improvement costs and other damages under the lease.

6. We opened for business on April 4, 2009. As the prior management of the Debtor had ceased properly managing the building, we were forced to deal with a multitude of Brockman Building issues without anybody managing the business of the building, including electrical supply issues, heating, ventilating and air conditioning issues ("HVAC"), and the like. From time to time, these problems either threatened or actually caused us to shut down Restaurant operations temporarily.

7. Thankfully, on July 15, 2009, this Court entered its order authorizing Amy Goldman, as the chapter 7 trustee in this case ("Trustee"), to operate the business of and maintain the Brockman Building, using funds loaned by Bank of America. Since

3

340483 25210

then, the problems and distractions of building related issues have been substantially reduced.

8. One significant building related issue materially affects the performance of the Restaurant business; and that is the absence of residential occupancy of the condominium units. Until the building is opened for use to residential tenants, the residential service part of our business plan will be impossible to implement. Merely being opened for use by residents will not be sufficient, however, if the Brockman Building does not have adequate parking. In order to entice prospective residents to move into the Brockman Building, the Brockman Building will need to be able to offer adequate parking to its residents.

9. I am aware that the Debtor had made arrangements for a long-term lease of parking spaces for the use of building residents in the large black-top parking lot immediately adjacent to the building. I am also aware that a proceeding is pending before this Court that will determine whether the building will be able to take advantage of that lease on a going-forward basis.

10. If the Brockman Building is not able to offer the parking spaces in the adjacent lot to prospective residents, that will negatively impact our business plan because the building either will not be able to attract residents at all, or it will do so at a slower pace than it would otherwise. Although we are proud of our successes to date, those successes have come from sales to non-residential customers. In these difficult economic times we need to implement the "in-house" residential sales aspect of our business plan in order to continue and improve our remarkable trend of success.

11. Our successes, although incomplete, are notable. Thanks to the skill and ingenuity of our roughly 200 hardworking employees, and a restaurant concept that we think is truly unique in Los Angeles, we have made great strides. We have been supported by the wider community, including not insignificantly this Court's orders authorizing the Trustee to operate the Brockman Building using funds borrowed from Bank of America.

12. Our successes to date have also been shared in by the wider community. Until we opened in early April 2009, the quality of life in our neighborhood had been declining for many years. Since our opening and despite the initial abandonment of management of the Brockman Building, our success has started a remarkable trend of improvement in the neighborhood and wider community. Not only have we provided roughly 200 mid-level jobs, many of which are held by Downtown residents (a necessary component of economic growth and vitality in Downtown Los Angeles), but our substantial sales have also contributed significantly to the tax revenues of the City. Our upscale image and increased foot traffic is creating an energizing trend in the local quality of life.

13. The four blocks of 7th Street stretching from Figueroa Street to Olive Street is evolving into a hospitality and restaurant row. The Restaurant is the anchor of this evolution. In light of the Restaurant's central location, it is primed to be a hub for hospitality. The Downtown community has worked with property owners along the street for five years to bring in quality hospitality tenants. The Restaurant is one of the first

1 | recruits to this area, and its success is now drawing other
2 | hospitality establishments to 7th Street.
3 |     14.   The Restaurant is a boon to neighboring bars and
4 | retailers because it generates customers that also frequent these
5 | other establishments. The foot traffic is resulting in profitable
6 | week nights for businesses in this area.
7 |     15.   The success of the Restaurant and its substantial
8 | transformation of and benefits to the surrounding area were
9 | recently acknowledged in a written letter dated October 5, 2009,
10 | of Jan Perry, who is a member of the Los Angeles City Council. A
11 | copy of the letter is attached as Exhibit "1."
12 |     I declare under penalty of perjury that the foregoing is true
13 | and correct.
14 |     Executed on October 6, 2009 at Los Angeles, California.

_____
DANIEL FLORES

6

EXHIBIT "1"



**JAN PERRY**
COUNCILWOMAN
NINTH DISTRICT
ASSISTANT PRESIDENT PRO TEMPORE

# City Council
## of the
## City of Los Angeles
## City Hall

ENERGY AND THE ENVIRONMENT
CHAIR

ARTS, PARKS, HEALTH & AGING
VICE-CHAIR

HOUSING, COMMUNITY &
ECONOMIC DEVELOPMENT
MEMBER

October 5, 2009

Mr. Daniel Flores
Bottega Louie
700 South Grand Avenue
Los Angeles, California 90017

Dear Mr. Flores:

I want to congratulate you on your sixth month in Downtown Los Angeles. To have opened a full service facility such as yours in these immensely challenging times is nearly impossible.

To have achieved the level of success that you've reached is nearly miraculous.

Bottega Louie has added an almost immeasurable dose of sizzle to Downtown. Your place is packed every day of the week, with lines even on Sunday night. It's a tribute to marketing, pricing, staging and careful, thoughtful attention to detail.

Everyone loves Bottega Louie. It has made the resurrection of Seventh Street, once a shopping axis for Downtown Los Angeles, that much more possible as I see the improvements marching east from Figueroa Street. Where once there was blight, now there is activity. Bottega Louie is a large part of the improved situation.

As the new jacaranda tree settles in, planted last Saturday on your Seventh Street elevation, I will enjoy watching both the tree and Bottega Louie grow together and add much to the landscape of Downtown Los Angeles.

Sincerely,

*Jan Perry*
Jan Perry
Councilwoman, Ninth District

JP/gf

CITY HALL • 200 NORTH SPRING STREET • SUITE 420 • LOS ANGELES, CA 90012 • (213) 473-7009
DISTRICT OFFICE • 4703 S. BROADWAY AVE. • LOS ANGELES, CA 90037 • (323) 846-2651



7

EXHIBIT  1

| | |
|---|---|
| In re: BROCKMAN BUILDING LOFTS, LLC<br>Debtor(s). | CHAPTER: 7<br>CASE NUMBER: 1:09-13713-KT |

NOTE: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 2029 Century Park East, Third Floor, Los Angeles, California 90067.

A true and correct copy of the foregoing document described as DECLARATION OF DANIEL FLORES IN SUPPORT OF REPLY OF TRUSTEE TO OPPOSITION OF THERMO GRAND AVENUE, LLC TO MOTION OF TRUSTEE FOR ORDER: (1) AUTHORIZING TRUSTEE TO ASSUME AND ASSIGN PARKING LOT LEASE AND WAIVING 10-DAY STAY PERIOD UNDER FED.R.BANKR.P. 6006(d); OR (2) IN THE ALTERNATIVE, EXTENDING TIME TO ASSUME AND ASSIGN PARKING LOT LEASE will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")</u>** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On October 6, 2009, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:
Chapter 7 Trustee Amy L Goldman    stern@lbbslaw.com, agoldman@ecf.epiqsystems.com
Attys. for Thermo Grand Avenue, LLC Carl Grumer    cgrumer@manatt.com
Attys. for Trustee Robert A Hessling    rhessling@dgdk.com and Matthew F Kennedy    mkennedy@dgdk.com
Attys. for BHFC Operating, LLC Robbin L Itkin    ritkin@steptoe.com
Mette H Kurth    kurth.mette@arentfox.com
Attys. for Bank of America Kenneth N Russak    krussak@frandzel.com, filing@frandzel.com;banderson@frandzel.com
Attys. for Debtor Evan D Smiley    esmiley@wgllp.com
United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov

☐ Service information continued on attached page

**II. <u>SERVED BY OVERNIGHT MAIL</u> (indicate method for each person or entity served):**
On October 6, 2009, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.
VIA OVERNIGHT MAIL:
Debtor: Brockman Building Lofts, LLC, 12121 Wilshire Blvd., Suite 214, Los Angeles, CA 90025
Hon. Kathleen Thompson, U.S. Bankruptcy Court, 21041 Burbank Blvd., Suite 305 Woodland Hills, CA 91367

☐ Service information continued on attached page

**III. <u>SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL</u> (indicate method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| October 6, 2009 | Beverly Lew | /s/ Beverly Lew |
|---|---|---|
| Date | Type Name | Signature |

340483    25210