Kenneth N. Russak (State Bar No. 107283)
Laine Mervis (State Bar No. 223235)
Michael J. Gomez (State Bar No. 251571)
FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 Wilshire Boulevard
Seventeenth Floor
Los Angeles, California 90048-4920
Telephone: (323) 852-1000
Facsimile: (323) 651-2577

Attorneys for Bank of America, N.A.,
successor by merger to Countrywide Bank, FSB

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re | CASE No. 1:09-13713-KT |
| BROCKMAN BUILDING LOFTS, LLC, | Chapter 7 |
| Debtor. | Hon. Kathleen Thompson |
| | **SUPPLEMENTAL DECLARATION OF DAVID R. KEGARIES IN SUPPORT OF BANK OF AMERICA, N.A.'S:** |
| | **(1) JOINDER IN SUPPORT OF CHAPTER 7 TRUSTEE'S MOTION TO ASSUME AND ASSIGN PARKING LOT LEASE;** |
| | **(2) REPLY TO OPPOSITION OF LESSOR THERMO GRAND AVENUE, LLC** |
| | DATE: October 13, 2009<br>TIME: 11:00 a.m.<br>CTRM: 301 |

I, David R. Kegaries, declare:

1. I have personal knowledge of the facts stated in this declaration and, if called upon to testify, could and would testify competently thereto in a court of law. I am a Senior Vice President of Bank of America, N.A. ("BofA") in BofA's Real Estate Managed Assets Group. I previously submitted a declaration ("Prior Declaration") in support of the motion by Amy Goldman, as Chapter 7 trustee in the above-captioned case, to assume a lease agreement ("Parking

635899.1 | 100298-0002

1

Supplemental Declaration of David R. Kegaries

Lease") for parking spaces between the above-captioned debtor ("Debtor") and Thermo Grand LLC ("Lessor"). This is a supplement to my Prior Declaration.

2. BofA has formally approved the following actions:

   a. The designation of BofA's wholly owned subsidiary, "Wickliffe A Corp., a Virginia corporation" ("Wickliffe") as the proposed assignee of the Parking Lease; and the use of BofA's powers as sole shareholder to cause Wickliffe to act as described below;

   b. BofA will transfer all its Brockman loan documents to Wickliffe;

   c. Wickliffe will accept an assignment from the Trustee of the Thermo Grand lease following entry of an order approving same by this Court;

   d. Wickliffe will foreclose the deed of trust and, as owner, cause the formation of an "owners association" ("Association") and otherwise take the steps required to entitle the Brockman Building as a mixed use condominium project; and

   e. Wickliffe will assign the Parking Lease to the Association as required by the Parking Lease.

3. My approvals also include funding of a variety of capital, operating and estate administrative expenses of the Brockman Building that will assist in the implementation of the foregoing steps. Some of the monies will be funded by BofA as advances to the Trustee under the $350,000 funding agreement approved by the "Order Authorizing Trustee to: (1) Operate Debtor's Business and Property; (2) Incur and Use Credit; and (3) Pay Fees and Expenses of Business Manager on A Monthly Basis" ("Funding Order") and other monies will be funded first as capital contributions by BofA to Wickliffe and then paid by Wickliffe to cover the respective expenses. The total amount of funding now approved by BofA exceeds the previously approved $350,000 commitment by several hundred thousand dollars. Because some of the approved expenditures will be incurred in competitive bidding situations, it would not be prudent for me to file in a publicly available document a detailed estimate of the components of all of the expenditures we forecast or of the total dollar amount of funds that BofA has approved to date, but the approved components and funding over and above the $350,000 commitment include, without limitation, the following:

FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048-4920
(323) 852-1000

      a.    Up to $45,000 to fund completion of the entitlement work, as detailed in the declaration of Robert Stenson filed in this Case by BofA on October 6, 2009; and.

      b.    The cost to complete construction of the improvements necessary to obtain a final Certificate of Occupancy. (Ken Roelke, the Trustee's field representative, has obtained a bid from a general contractor to complete that work for a total contract price that exceeds $200,000. We are having a construction cost expert retained by BofA review that bid and may suggest competitive bidding on the work; but I have approval to fund up to the amount specified by Mr. Roelke for the construction completion work if the review of that bid determines that the bid is competitive and otherwise acceptable to BofA.)

4.    The foregoing actions will require appropriate legal documentation. BofA's commitment is subject to the drafting and execution of appropriate and acceptable documentation; but, with that caveat, BofA assures this Court that BofA is authorized to and intends to proceed with the strategy described above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I executed this declaration on October 09, 2009 at Los Angeles, California.

_____
David R. Kegaries

635899.1 | 100298-0002

3

Supplemental Declaration of David R. Kegaries

| In re: | CHAPTER: 7 |
|---|---|
| BROCKMAN BUILDING LOFTS, LLC | |
| Debtor(s). | CASE NUMBER: 1:09-13713-KT |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 6500 Wilshire Boulevard, Seventeenth Floor, Los Angeles, California 90048-4920

A true and correct copy of the foregoing document described as **SUPPLEMENTAL DECLARATION OF DAVID R. KEGARIES IN SUPPORT OF BANK OF AMERICA, N.A.'S: (1) JOINDER IN SUPPORT OF CHAPTER 7 TRUSTEE'S MOTION TO ASSUME AND ASSIGN PARKING LOT LEASE; (2) REPLY TO OPPOSITION OF LESSOR THERMO GRAND AVENUE, LLC** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On October 9, 2009 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the e-mail address indicated below:

SEE ATTACHED SERVICE LIST

☒ Service Information continued on attached page.

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On October 9, 2009 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

SEE ATTACHED SERVICE LIST

☒ Service Information continued on attached page.

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P.5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service Information continued on attached page.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| October 9, 2009 | Kenneth N. Russak | /S/ Dorla Wise |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 9013-3.1

636067.1

| In re: | | CHAPTER: 7 |
|---|---|---|
| BROCKMAN BUILDING LOFTS, LLC | | |
| | Debtor(s). | CASE NUMBER: 1:09-13713-KT |

**ADDITIONAL SERVICE INFORMATION (if needed):**

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF"):**
Amy L Goldman    stern@lbbslaw.com, agoldman@ecf.epiqsystems.com
Carl Grumer    cgrumer@manatt.com
Robert A Hessling    rhessling@dgdk.com
Robbin L Itkin    ritkin@steptoe.com
Matthew F Kennedy    mkennedy@dgdk.com
Mette H Kurth    kurth.mette@arentfox.com
Kenneth N Russak    krussak@frandzel.com, efiling@frandzel.com;banderson@frandzel.com
Evan D Smiley    esmiley@wgllp.com
United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL:**
Robert A Hessling, 2029 Century Park East, Ste 1900, Los Angeles, CA 90067-3005
Brockman Building Lofts, LLC, 12121 Wilshire Boulevard, Suite 214, Los Angeles, CA 90025
Carl L. Grumer, Harvey L. Rochman, Manatt, Phelps & Phillips, LLP, 11355 W. Olympic Bl., Los Angeles, CA 90064-1614
Honorable Kathleen Thompson, U.S. Bankruptcy Court, 21041 Burbank Blvd., Suite 305, Woodland Hills, CA 91367-6606

636067.1    This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

**F 9013-3.1**