1 | Kenneth N. Russak (State Bar No. 107283)
krussak@frandzel.com
2 | Joy E. Mason (State Bar No. 215056)
jmason@frandzel.com
3 | FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 Wilshire Boulevard
4 | Seventeenth Floor
Los Angeles, California 90048-4920
5 | Telephone: (323) 852-1000
Facsimile: (323) 651-2577
6
Attorneys for Bank of America, N.A.
7

8      UNITED STATES BANKRUPTCY COURT

9      CENTRAL DISTRICT OF CALIFORNIA

10     SAN FERNANDO VALLEY DIVISION

11 | In re                          | CASE No.: 1:09-13713-KT

12 | BROCKMAN BUILDING LOFTS, LLC,   | Chapter 7

13 |         Debtor.

14 |                                 | **STIPULATION PARTIALLY RESOLVING DEBTOR'S OBJECTION TO EMERGENCY MOTION FOR ORDER TERMINATING THE AUTOMATIC STAY**

15

16

17

18

19

20

21

22

23

24

25

26

27

28

781302.2 | 100298-0002                1
STIPULATION FOR RELIEF FROM THE AUTOMATIC STAY

Amy L. Goldman, the duly appointed and acting chapter 7 trustee in the above-captioned case ("Trustee"), Brockman Building Lofts, LLC ("Debtor") and Bank of America, N.A. ("Bank"), by and through their respective undersigned counsel of record hereby stipulate and move the Court to enter an order terminating and annulling the automatic stay, with reference to the following facts:

A.  On December 7, 2010, Bank filed an "Emergency Motion For Order Terminating Automatic Stay Pursuant To Stipulation" (the "Motion"), pursuant to which the Bank sought approval of a stipulation entered into by the Bank, the Trustee and the Debtor. When the Motion was filed, the Bank and the Trustee at the time believed that the managing member of the Debtor was West Millennium Homes, Inc., a California corporation ("West Millennium"). Inasmuch as the Trustee is also the chapter 7 trustee in the *In re West Millennium Homes, Inc., etc.*, case number 1:09-bk-15471-KT ("West Millennium Bankruptcy Case"), the Trustee executed the Stipulation both on behalf of the estate in the above-captioned bankruptcy case and also on behalf of the pre-petition Debtor in this case, exercising what the Trustee and the Bank believed were West Millennium's powers as the managing member of the Debtor in this case.

B.  On December 7, 2010 a document titled "Opposition of Brockman Building Lofts, LLC to Emergency Motion for Order Terminating Automatic Stay by Bank of America" ("Opposition") was filed by the Debtor's pre-petition bankruptcy counsel on behalf of the Debtor. The Trustee did not authorize or consent to the filing of the Opposition, in any capacity.

C.  Counsel for the Bank and the Debtor's pre-petition bankruptcy counsel have met and conferred concerning whether West Millennium is the managing member of the Debtor or whether, as has been contended by the Bank and Trustee, or whether Dilip Ram and Norman Salter are the managing members of the Debtor. The Bank has advised the Trustee's counsel of the substance of those communications on that issue. The parties hereto are reserving their respective rights and contentions with respect to that issue. Because of the potential dispute over the identity of the managing member(s) of the Debtor, this Stipulation is executed on behalf of the pre-petition debtor only by the pre-petition counsel to the Debtor, acting under the authority of Messrs. Ram and Salter; but the parties hereto agree that submitting this Stipulation so executed does not constitute a waiver of any of the parties' claims or contentions concerning managerial authority of

the Debtor. With respect to this Stipulation and the prior stipulation, none of the signatories for the Debtor are making any express or implied warranty of their actual authority and each is acting only to the extent of their respective actual authority.

  D. Notwithstanding the potential dispute over the managerial authority of the Debtor, the parties hereto agree that the automatic stay should be modified immediately to permit the Bank to give notice of its intended December 30, 2010 foreclosure sale, while reserving the question whether the Bank should be permitted to conduct the foreclosure sale for further determination, in accordance with the following. The parties hereto, however, agree that the managerial authority for the Debtor is held either by West Millennium or by Messrs. Ram and Salter and that there are no other persons or entities asserting or holding the managerial powers of the Debtor.

  E. The Opposition is based upon the assertion that Messrs. Salter and Ram are actively considering whether converting this case to a chapter 11 proceeding and then proposing a plan of reorganization is a viable option. Messrs. Ram and Salter will make a final decision in this regard on or before December 17, 2010. They concede that if, by that date, they have not decided to pursue a conversion and confirmation strategy, the Bank and its successors should then immediately be granted full relief from stay as requested in the Motion.

  F. Accordingly, as set forth more fully in the order attached hereto as Exhibit A, the parties hereto stipulate for the entry of an order modifying the automatic stay to permit immediately the giving of the foreclosure notices described in the Motion. The order also (1) sets a deadline for Messrs. Salter and Ram to file notice of their intention to pursue a conversion and confirmation strategy, by way of a supplemental opposition to the Motion (2) provides for entry of full relief from stay if they fail to do so and (3) sets a reply brief deadline and hearing date for the Motion, should Messrs. Ram and Salter timely file their supplemental opposition. The briefing and hearing schedule is set in light of the emergency circumstances described in the Motion.

  G. Except as set forth expressly herein, the parties reserve all of their respective rights, defenses, claims and contentions. Without limiting the generality of the foregoing, nothing in this Stipulation constitutes an admission by the Bank or the Trustee that there is any prospect for reorganization in this case.

781302.2 | 100298-0002

3

STIPULATION FOR RELIEF FROM THE AUTOMATIC STAY

1     NOW, THEREFORE, the parties hereto stipulate that the Court issue an order terminating
2 the automatic stay with respect to the property of the estate in this case and with respect to the
3 property of the debtor, in the form attached hereto as Exhibit A, which includes a waiver of the 14-
4 Day Stay of the effectiveness of that order and a provision to the effect that the benefits of this
5 Stipulation and the order inure to the benefit of the successors and assigns of the Bank, including
6 without limitation Wickliffe A, a Virginia corporation.

7 DATED: December 9, 2010      FRANDZEL ROBINS BLOOM & CSATO, L.C.
                                                KENNETH N. RUSSAK
8                                             JOY E. MASON

By: _____
      KENNETH N. RUSSAK
      Attorneys for Bank of America, N.A.

DATED: December___, 2010     BROCKMAN BUILDING LOFTS, LLC
                                    By: WEILAND, GOLDEN, SMILEY, WANG
                                    EKVALL & STROK, LLP, pre-petition counsel to
                                    Brockman Building Lofts, LLC

By: _____
      Evan D. Smiley, Esq.

DATED: December___, 2010     DANNING, GILL, DIAMOND & KOLLITZ, LLP
                                    ROBERT A. HESSLING

By: _____
      Robert A. Hessling
      Attorneys for Amy L. Goldman,
      Chapter 7 Trustee for the Estate of
      Brockman Building Lofts, LLC

FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048-4920
(323) 852-1000

781302.2 | 100298-0002                       4
STIPULATION FOR RELIEF FROM THE AUTOMATIC STAY

1  NOW, THEREFORE, the parties hereto stipulate that the Court issue an order terminating
2  the automatic stay with respect to the property of the estate in this case and with respect to the
3  property of the debtor, in the form attached hereto as Exhibit A, which includes a waiver of the 14-
4  Day Stay of the effectiveness of that order and a provision to the effect that the benefits of this
5  Stipulation and the order inure to the benefit of the successors and assigns of the Bank, including
6  without limitation Wickliffe A, a Virginia corporation.

DATED: December 9, 2010                FRANDZEL ROBINS BLOOM & CSATO, L.C.
                                       KENNETH N. RUSSAK
                                       JOY E. MASON


                                       By: _____
                                           KENNETH N. RUSSAK
                                           Attorneys for Bank of America, N.A.


DATED: December 9, 2010                BROCKMAN BUILDING LOFTS, LLC
                                       By: WEILAND, GOLDEN, SMILEY, WANG
                                       EKVALL & STROK, LLP, pre-petition counsel to
                                       Brockman Building Lofts, LLC


                                       By: _____
                                           Evan D. Smiley, Esq.


DATED: December__, 2010                DANNING, GILL, DIAMOND & KOLLITZ, LLP
                                       ROBERT A. HESSLING


                                       By: _____
                                           Robert A. Hessling
                                           Attorneys for Amy L. Goldman,
                                           Chapter 7 Trustee for the Estate of
                                           Brockman Building Lofts, LLC

781302.2 | 100298-0002                    4
STIPULATION FOR RELIEF FROM THE AUTOMATIC STAY

NOW, THEREFORE, the parties hereto stipulate that the Court issue an order terminating the automatic stay with respect to the property of the estate in this case and with respect to the property of the debtor, in the form attached hereto as Exhibit A, which includes a waiver of the 14-Day Stay of the effectiveness of that order and a provision to the effect that the benefits of this Stipulation and the order inure to the benefit of the successors and assigns of the Bank, including without limitation Wickliffe A, a Virginia corporation.

DATED: December 9, 2010

FRANDZEL ROBINS BLOOM & CSATO, L.C.
KENNETH N. RUSSAK
JOY E. MASON

By: _____
KENNETH N. RUSSAK
Attorneys for Bank of America, N.A.

DATED: December___, 2010

BROCKMAN BUILDING LOFTS, LLC
By: WEILAND, GOLDEN, SMILEY, WANG EKVALL & STROK, LLP, pre-petition counsel to Brockman Building Lofts, LLC

By: _____
Evan D. Smiley, Esq.

DATED: December 7, 2010

DANNING, GILL, DIAMOND & KOLLITZ, LLP
ROBERT A. HESSLING

By: _____
Robert A. Hessling
Attorneys for Amy L. Goldman,
Chapter 7 Trustee for the Estate of
Brockman Building Lofts, LLC

781302.2 | 100298-0002

4

STIPULATION FOR RELIEF FROM THE AUTOMATIC STAY

| | |
|---|---|
| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>Kenneth N. Russak (State Bar No. 107283)<br>krussak@frandzel.com<br>Joy E. Mason (State Bar No. 215056)<br>jmason@frandzel.com<br>FRANDZEL ROBINS BLOOM & CSATO, L.C.<br>6500 Wilshire Boulevard<br>Seventeenth Floor<br>Los Angeles, California  90048-4920<br>Telephone: (323) 852-1000<br>Facsimile: (323) 651-2577<br><br>☒  *Attorney for Movant Bank of America, N.A.*<br>☐  *Movant(s) appearing without attorney* | FOR COURT USE ONLY |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – SAN FERNANDO VALLEY  DIVISION**

| | |
|---|---|
| In re:<br><br>BROCKMAN BUILDING LOFTS, LLC<br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 1:09-bk-13713 KT<br>CHAPTER: 7<br><br>**ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (REAL PROPERTY)**<br><br>DATE:<br>TIME:<br>COURTROOM: 301<br>PLACE: 21041 Burbank Boulevard<br>              Woodland Hills, CA 91367 |

**MOVANT:** BANK OF AMERICA, N.A.

1. The Motion was:    ☐ Opposed        ☐ Unopposed        ☒ Settled by stipulation

2. The Motion affects the following real property ("Property"):

    *Street Address:*        520 West Seventh Street
    *Unit Number:*
    *City, State, Zip Code:*    Los Angeles, California 90014

    Legal description or document recording number (including county of recording):
    LOT 1 OF TRACT NO. 60984, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 1327 PAGES 22 AND 23 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDED OF SAID COUNTY

    ☐ See attached page.

3. The Motion is granted under: ☒ 11 U.S.C. § 362(d)(1)   ☒ 11 U.S.C. § 362(d)(2)   ☐ 11 U.S.C. § 362(d)(3)
   ☐ 11 U.S.C. § 362(d)(4)

4. As to Movant, its successors, transferees and assigns ("Movant"), the stay of 11 U.S.C. § 362(a) is:
   a. ☐ Terminated as to Debtor(s) and Debtor's(s') bankruptcy estate.
   b. ☐ Annulled
   c. ☒ Modified or conditioned as set forth in Exhibit 1 to this Order.

5. ☒ Movant may enforce its remedies to foreclose upon and obtain possession of the Property in accordance with applicable non-bankruptcy law, but may not pursue any deficiency claim against the Debtor(s) or property of the estate except by filing a Proof of Claim pursuant to 11 U.S.C. § 501.

6. Movant shall not conduct a foreclosure sale before the following date (specify): _____

7. ☐ The stay shall remain in effect subject to the terms and conditions set forth in the Adequate Protection Attachment to this Order.

8. ☐ In chapter 13 cases, the trustee shall not make any further payments on account of Movant's secured claim after entry of this Order. The secured portion of Movant's claim is deemed withdrawn upon entry of this Order without prejudice to Movant's right to file an amended unsecured claim for any deficiency. Absent a stipulation or order to the contrary, Movant shall return to the trustee any payments received from the trustee on account of Movant's secured claim after entry of this Order.

9. ☐ The filing of the petition was part of a scheme to delay, hinder and defraud creditors that involved either:

   ☐ transfer of all or part ownership of, or other interest in, the Property without the consent of the secured creditor or court approval.

   ☐ multiple bankruptcy filings affecting the Property.

If recorded in compliance with applicable state laws governing notices of interest or liens in the Property, this Order is binding and effective under 11 U.S.C. § 362(d)4(A) and (B) in any other bankruptcy case purporting to affect the Property filed not later than two (2) years after the date of entry of this Order, except that a debtor in a subsequent bankruptcy case may move for relief from this Order based upon changed circumstances or for good cause shown, after notice and a hearing. Any federal, state or local governmental unit that accepts notices of interests or liens in real property shall accept a certified copy of this Order for indexing and recording.

10. This Court further orders as follows:

    a. ☒ This Order shall be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code.
    b. ☒ The 14-day stay provided by FRBP 4001(a)(3) is waived.
    c. ☐ The provisions set forth in the Extraordinary Relief Attachment shall also apply (attach Optional Form F 4001-10-ER).
    d. ☒ See attached continuation page for additional provisions.

DATED: _____                              _____
                                                    United States Bankruptcy Judge

# Exhibit 1
# Modification Provisions

The stay is hereby modified to permit Movant and its successors in interest to take all steps necessary to the scheduling of a foreclosure sale to be held on or after December 30, 2010, including without limitation, serving, posting the Property with and recording the notice of sale required to schedule such a sale under California foreclosure law. This order, however, does not permit any such foreclosure sale to be conducted. The automatic stay may be modified further or terminated to permit the foreclosure sale to be conducted, in accordance with the following:

(1) If the Debtor desires to pursue conversion of the case to a chapter 11 proceeding and to file a plan of reorganization, the Debtor shall file with the clerk of this court a supplemental opposition to the EMERGENCY MOTION FOR ORDER TERMINATING AUTOMATIC STAY PURSUANT TO STIPULATION filed by the Bank on December 7, 2010 ("Motion"), together with such other papers as are appropriate under the circumstances, at or before 5 p.m. on December 17, 2010 (together, "Supplemental Opposition").

(2) If the Supplemental Opposition is not timely filed, the Bank may file a declaration to that effect, and the order lodged as Exhibit 1 to the Motion (granting full relief from the automatic stay), shall forthwith be issued by the Court and the foreclosure sale contemplated thereby may take place at any time on or after December 30, 2010, in accordance with applicable non-bankruptcy law.

(3) If the Supplemental Opposition is timely filed, (a) Bank may file a reply thereto at or before 5 p.m. on December __ 2010 and (b) a final hearing on the Motion shall be conducted at __ p.m. on December __, 2010, at which time the court shall determine whether the Bank should be granted further relief from stay to permit the foreclosure sale to take place on or after December 30, 2010.

(4) Except as expressly set forth herein, the rights, defenses and contentions of the Debtor, the Bank (including without limitation its successors in interest) and the Trustee are fully preserved.

# ADDITIONAL PROVISIONS ATTACHMENT

*(This Attachment is the continuation page for Paragraph 10 (d) of the Order on the Motion.)*

10(d). The benefits of the stipulation pursuant to which this Order was entered and the benefits of this Order inure to the benefit of the successors and assigns of Bank of America, N.A., including without limitation Wickliffe A, a Virginia corporation.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
6500 Wilshire Blvd., 17th Floor, Los Angeles, CA 90048

A true and correct copy of the foregoing document described as **ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. SECTION 362 (REAL PROPERTY)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _December 9, 2010_, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Amy L Goldman    stern@lbbslaw.com, agoldman@ecf.epiqsystems.com
- Varand Gourjian   vg@gourjianlaw.com, lala@gourjianlaw.com;naz@gourjianlaw.com;art@gourjianlaw.com
- Carl Grumer    cgrumer@manatt.com
- Ileana M Hernandez    ihernandez@manatt.com
- Robert A Hessling    rhessling@dgdk.com
- Robbin L Itkin    ritkin@steptoe.com
- Matthew F Kennedy    mkennedy@dgdk.com
- Mette H Kurth    kurth.mette@arentfox.com
- Joy E Mason    jmason@frandzel.com, efiling@frandzel.com;sking@frandzel.com
- Kenneth N Russak    krussak@frandzel.com, efiling@frandzel.com;ltokubo@frandzel.com
- Evan D Smiley    esmiley@wgllp.com
- United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov
- William E Winfield    wwinfield@nchc.com

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On _____, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _December 9, 2010_, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

Hon. Kathleen Thompson
USBC, 21041 Burbank Blvd., Dept. 301
Woodland Hills, CA  91367-6603

Service information continued on attached page
I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 12/9/10 | Linda Tokubo | /s/ Linda Tokubo |
|---|---|---|
| Date | Type Name | Signature |

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) **ORDER ON ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (Real Property)** was entered on the date indicated as AEntered@ on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (ANEF@)** B Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of ___, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

- Amy L Goldman    stern@lbbslaw.com, agoldman@ecf.epiqsystems.com
- Varand Gourjian    vg@gourjianlaw.com, lala@gourjianlaw.com;naz@gourjianlaw.com;art@gourjianlaw.com
- Carl Grumer    cgrumer@manatt.com
- Ileana M Hernandez    ihernandez@manatt.com
- Robert A Hessling    rhessling@dgdk.com
- Robbin L Itkin    ritkin@steptoe.com
- Matthew F Kennedy    mkennedy@dgdk.com
- Mette H Kurth    kurth.mette@arentfox.com
- Joy E Mason    jmason@frandzel.com, efiling@frandzel.com;sking@frandzel.com
- Kenneth N Russak    krussak@frandzel.com, efiling@frandzel.com;ltokubo@frandzel.com
- Evan D Smiley    esmiley@wgllp.com
- United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov
- William E Winfield    wwinfield@nchc.com

☐ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

☐ Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or order which bears an AEntered@ stamp, the party lodging the judgment or order will serve a complete copy bearing an AEntered@ stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

☐ Service information continued on attached page

| In re: | | CHAPTER: 7 |
|---|---|---|
| BROCKMAN BUILDING LOFTS, LLC | | |
| | Debtor(s). | Bk CASE NUMBER: 1:09-13713-KT |

NOTE: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
6500 Wilshire Boulevard, Seventeenth Floor, Los Angeles, California 90048-4920

A true and correct copy of the foregoing document described as **STIPULATION PARTIALLY RESOLVING DEBTOR'S OBJECTION TO EMERGENCY MOTION FOR ORDER TERMINATING THE AUTOMATIC STAY** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On December 9, 2010 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the e-mail address indicated below:

- Amy L Goldman    stern@lbbslaw.com, agoldman@ecf.epiqsystems.com
- Varand Gourjian    vg@gourjianlaw.com, lala@gourjianlaw.com;naz@gourjianlaw.com;art@gourjianlaw.com
- Carl Grumer    cgrumer@manatt.com
- Ileana M Hernandez    ihernandez@manatt.com
- Robert A Hessling    rhessling@dgdk.com
- Robbin L Itkin    ritkin@steptoe.com
- Matthew F Kennedy    mkennedy@dgdk.com
- Mette H Kurth    kurth.mette@arentfox.com
- Joy E Mason    jmason@frandzel.com, efiling@frandzel.com;sking@frandzel.com
- Kenneth N Russak    krussak@frandzel.com, efiling@frandzel.com;ltokubo@frandzel.com
- Evan D Smiley    esmiley@wgllp.com
- United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov
- William E Winfield    wwinfield@nchc.com

☒ Service Information continued on attached page.

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service Information continued on attached page.

635233.1

| In re: | | CHAPTER: 7 |
|---|---|---|
| BROCKMAN BUILDING LOFTS, LLC | | |
| | Debtor(s). | Bk CASE NUMBER: 1:09-13713-KT |

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P.5 and/or controlling LBR, on December 9, 2010  I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

(VIA MESSENGER)
Honorable KathleenThompson
US Bankruptcy Court
21041 Burbank Blvd., Dept. 301
Woodland Hills, CA  91367-6603

☐ Service Information continued on attached page.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| December 9, 2010 | Linda Tokubo | /S/ Linda Tokubo |
|---|---|---|
| Date | Type Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

635233.1  This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 9013-3.1