1 | Kenneth N. Russak (State Bar No. 107283)
krussak@frandzel.com
2 | Joy E. Mason (State Bar No. 215056)
jmason@frandzel.com
3 | FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 Wilshire Boulevard
4 | Seventeenth Floor
Los Angeles, California  90048-4920
5 | Telephone: (323) 852-1000
Facsimile: (323) 651-2577
6
Attorneys for Plaintiff Bank of America, N.A.
7

8 UNITED STATES BANKRUPTCY COURT

9 CENTRAL DISTRICT OF CALIFORNIA

10 SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| 11  In re | Bk. Case No. 1:09-bk-13713-KT |
| 12  BROCKMAN BUILDING LOFTS, LLC, | Chapter 7 |
| 13                Debtors. | Hon. Kathleen Thompson |
| 14 | |
| 15 | **NOTICE OF RELATED APPEAL** |

785030.1 | 100298-0002

NOTICE OF RELATED APPEAL

1    **NOTICE IS HEREBY GIVEN** that on December 16, 2010, Wickliffe A filed a Notice of
2    Appeal (the "Notice of Appeal"), under 28 U.S.C. § 158(a), from the "Order on Motion to Dismiss or
3    Abstain" of the Honorable Kathleen Thompson entered on December 6, 2010 in the case entitled
4    *Wickliffe A v. Thermo Grand Avenue, LLC*, bearing Adv. Case No. 1:10-ap-01191-KT. A true and
5    correct copy of the Notice of Appeal is attached as Exhibit "A" and is incorporated herein by
6    reference.

7    **NOTICE IS HEREBY FURTHER GIVEN** that the Notice of Appeal relates to the appeal of
8    Bank of America, N.A. from the "Order Granting Motion to Assume Lease or Executory Contract"
9    (the "Order") of the Honorable Kathleen Thompson entered on November 17, 2009, filed in the
10   above-captioned case on December 16, 2010, appearing on the Docket therein as item No. 133.

11   DATED: December 19, 2010            FRANDZEL ROBINS BLOOM & CSATO, L.C.
12                                        KENNETH N. RUSSAK
                                          JOY E. MASON
13

14

15                                        By:  /s/ Joy E. Mason
                                               _____
16                                             JOY E. MASON
                                               Attorneys for Plaintiff

FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048-4920
(323) 852-1000

785030.1 | 100298-0002
2
NOTICE OF RELATED APPEAL

# EXHIBIT A

```
 1  Kenneth N. Russak (State Bar No. 107283)
    krussak@frandzel.com
 2  Joy E. Mason (State Bar No. 215056)
    jmason@frandzel.com
 3  FRANDZEL ROBINS BLOOM & CSATO, L.C.
    6500 Wilshire Boulevard
 4  Seventeenth Floor
    Los Angeles, California  90048-4920
 5  Telephone: (323) 852-1000
    Facsimile: (323) 651-2577
 6
 7  Attorneys for Plaintiff Wickliffe A, a Virginia
    Corporation
 8
```

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re | Bk. Case No. 1:09-bk-13713-KT |
| BROCKMAN BUILDING LOFTS, LLC, | Chapter 7 |
| Debtors. | Hon. Kathleen Thompson |
| WICKLIFFE A, a Virginia corporation. | Adv. Proc. No. 1:10-bk-01191-KT |
| Plaintiff, | **NOTICE OF APPEAL** |
| v. | |
| THERMO GRAND AVENUE, LLC, a California limited liability company | |
| Defendant. | |

782216.1 | 100298-0002

NOTICE OF APPEAL

1     **NOTICE IS HEREBY GIVEN** that Appellant Wickliffe A appeals from the "Order on Motion to Dismiss or Abstain" (the "Order") of the Honorable Kathleen Thompson entered on December 6, 2010 under 28 U.S.C. § 158(a). A true and correct copy of the Order is attached as Exhibit "1" and is incorporated herein by reference.

    **NOTICE IS HEREBY FURTHER GIVEN** that the names of all parties to the Order appealed from and the names, addresses and telephone numbers of their respective attorneys are as follows:

| | |
|---|---|
| Appellant: | Wickliffe A, a Virginia Corporation |
| Attorneys: | Kenneth N. Russak & Joy Mason |
| | Frandzel Robins Bloom & Csato, L.C. |
| | 6500 Wilshire Blvd., 17th Floor |
| | Los Angeles, CA 90048 |
| | (323) 852-1000 |
| | |
| Respondent: | Thermo Grand Avenue, LLC |
| Attorneys: | Carl Grumer |
| | Manatt, Phelps & Phillips, LLP |
| | 11355 W. Olympic Boulevard |
| | Los Angeles, CA 90064 |
| | (310) 312-4000 |

DATED: December 16, 2010      FRANDZEL ROBINS BLOOM & CSATO, L.C.
    KENNETH N. RUSSAK
    JOY E. MASON

By: /s/ Kenneth N. Russak
    KENNETH N. RUSSAK
    Attorneys for Plaintiff

FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048-4920
(323) 852-1000

# EXHIBIT 1

FILED & ENTERED

DEC 06 2010

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY harraway DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>Brockman Building Lofts, LLC, a California limited,<br><br>Debtor. | Case No.: 1:09-bk-13713-KT<br><br>Adversary No.: 1:10-ap-01191-KT<br><br>Chapter: 7<br><br>**MEMORANDUM OF DECISION ON MOTION TO DISMISS OR ABSTAIN** |
| Wickliffe A, a Virginia Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Thermo Grand Avenue, LLC,<br><br>Defendant. | Date:     November 18, 2010<br>Time:     3:00 p.m.<br>Location: Courtroom 301<br>              21041 Burbank Blvd.<br>              Wo odland Hills, CA 91367 |

Brockman Building Lofts, LLC filed a voluntary petition under chapter 7 of the Code on April 1, 2009. At the time of filing, construction on the Brockman Building was nearly complete. The chapter 7 trustee is in the process of overseeing the completion so that a final Certificate of Occupancy can be obtained and sale of the units therein can begin.

- 1

On November 17, 2009, the court entered an order authorizing the chapter 7 trustee to assume and assign all of the Debtor's right, title, and interest in a parking lease (the "Brockman Parking Lease") to Wickliffe A ("Wickliffe"). The order was appealed by Thermo Grand Avenue LLC ("Thermo Grand") and, on August 16, 2010, the Bankruptcy Appellate Panel for the Ninth Circuit dismissed the appeal on the grounds that the order was not a final appealable order because it did not resolve the threshold question of whether the Brockman Parking Lease had been terminated pre-petition.

On May 14, 2010, Wickliffe filed the above-captioned adversary proceeding seeking a declaration of rights of the parties in the Brockman Parking Lease. A first amended complaint was filed on August 26, 2010. On September 23, 2010, Thermo Grand filed the instant motion to dismiss for lack of jurisdiction or, in the alternative, for abstention.

The matter came on for hearing on November 18, 2010 at 3:00 p.m. and was submitted for decision.

Discussion

ISSUE IN THE UNDERLYING ADVERSARY PROCEEDING: whether the Debtor's rights under, or interest in, the Brockman Parking Lease were terminated pre-petition.

FIRST ISSUE IN THE MOTION TO DISMISS: whether this court has jurisdiction to decide this adversary proceeding.

RULING: Yes. The court had jurisdiction to decide whether the Brockman Parking Lease was an asset of the bankruptcy estate in the connection with the trustee's motion to assume and assign the lease. See In re Waterkist Corporation, 775 F.2d 1089 (9th Cir. 1985). The court did not lose that jurisdiction because it decided to approve assumption and assignment of the estate's rights, whatever those rights might be.

SECOND ISSUE IN THE MOTION TO DISMISS: whether this court should abstain from deciding this adversary proceeding.

In Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.), 912 F.2d 1162, 1166-68 (9th Cir. 1990), the Ninth Circuit Court of Appeals set out twelve factors to be considered in deciding whether to exercise discretionary abstention under 28 U.S.C. §1334(c)(1). The following discussion contains the court's conclusions about the impact of those twelve factors on the present decision.

(1) The effect or lack thereof on the efficient administration of the estate if abstention is granted.

There is no impact on the administration of this estate because the lease rights, if any became property of the bankruptcy estate, have been assumed and assigned. **This factor favors abstention.**

(2) The extent to which state law issues predominate over bankruptcy issues.

The adversary proceeding involves issues of state law only. **This factor favors abstention.**

(3) The difficulty or unsettled nature of the applicable law.

The state law issues are neither complicated nor unsettled. **This factor is neutral.**

(4) The presence of a related proceeding commenced in state court or other non-bankruptcy court.

There is no present proceeding pending in state court. **This factor favors denial of abstention.**

(5) The jurisdictional basis, if any, other than 29 U.S.C. §1334;

The sole jurisdictional basis is under 29 U.S.C. §1334. **This factor is neutral, or tends to favor abstention.**

(6) The degree of relatedness or remoteness of the proceeding to the main bankruptcy case.

The resolution of this adversary will have no effect on the main bankruptcy case. **This factor favors abstention.**

(7) The substance rather than the form of an asserted "core" proceeding

At best, the adversary proceeding is a "non-core" matter under 28 U.S.C. §157 that relates to a case under Title 11. Resolution of this matter will govern the rights of non-debtor parties in a matter, already determined by the court, which concerned administration of the estate and affected the liquidation of the assets of the estate. **This factor favors abstention, except for the consideration of consolidating appeals from determinations of the state law issues with the appellate issue on assumption and assignment which the BAP determined to be interlocutory.**

(8) The feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court.

As noted above, this adversary proceeding concerns only matters of state law. Nonetheless, the resolution could affect pending matters under bankruptcy law, i.e., appeal from the order approving assumption and assignment of the Brockman Parking Lease.

-4-

If it is determined that the Brockman Parking Lease was an asset of this estate, then the appeal from the order of assumption and assignment will be ripe for decision because that order will no longer be interlocutory. If, on the other hand, it is determined that the Brockman Parking Lease was terminated prior to the commencement of this bankruptcy case, then the appeal from the assumption and assignment order will be moot. **This factor is neutral or tends to favor abstention, except for the possibility of consolidated appeals in the federal forum.**

(9) The burden of the bankruptcy court's docket.

The adversary proceeding will be burden on the bankruptcy court's docket at a time when the caseload is at an all time high. **This factor favors abstention.**

(10) The likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties.

This factor involves considerable speculation. The adversary proceeding has a legitimate basis in either the state or bankruptcy court. Forum preferences are likely to be driven by considerations of delay (e.g., the perception that a quicker resolution can be had in the federal forum) and expertise of the court deciding purely state law issues.

(11)    The existence of a right to jury trial.

The right to a jury trial is uncertain at this time. The right to a jury trial in either court depends on whether the court concludes that the claim involves a determination of legal instead of equitable issues. **The existence of a right to a jury trial favors abstention.**

(12)    The presence in the proceeding of non-debtor parties.

All parties to this proceeding are non-debtor parties. **This factor favors abstention.**

OTHER CONSIDERATIONS:

A. The decision of whether the Brockman Parking Lease was an asset of this estate could have been litigated in connection with the assumption and assignment process because it involves a threshold question.

B. Dual avenues of appeal are inefficient. Regardless of how the court decides the issue raised in the instant adversary proceeding, one side or the other is likely to appeal. If the issue is decided in state court, the appellate process there must be concluded before the parties will know whether they will have rights to appeal here in the federal forum. If the issue is decided in bankruptcy court, all appeals can be heard in the same appellate process.

C. Abstention, if granted, is under 28 U.S.C. §1334 (c)(1) because there is no action pending as is required in order to come within the provisions of §1334 (c)(2). Under 28 U.S.C. §1334 (d), any decision to abstain or not to abstain made under subsection (c) (other than a decision not to abstain in a proceeding described in subsection (c)(2)) is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this Title or by the Supreme Court of the United States under section 1254 of this Title.

RULING: Abstention is appropriate in this case.

Consideration of the various <u>Tucson</u> factors is not a mathematical exercise in which the outcome is dictated by the number of pro and con results. Even so, the foregoing discussion highlights the isolation of the issues to be decided in the instant adversary from the bankruptcy

case. Therefore, notwithstanding the efficiency of consolidating appeals in a single forum, this dispute between non-debtors on issues of state law should be dealt with in the state forum.

###

DATED: December 6, 2010

*Kathleen Thompson*
United States Bankruptcy Judge

**NOTE TO USERS OF THIS FORM:**

1) Attach this form to the last page of a proposed Order or Judgment. Do not file as a separate document.
2) The title of the judgment or order and all service information must be filled in by the party lodging the order.
3) **Category I.** below: The United States trustee and case trustee (if any) will always be in this category.
4) **Category II.** below: List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. DO NOT list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled **MEMORANDUM OF DECISION ON MOTION TO DISMISS OR ABSTAIN** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of 12/3/10, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

Amy L Goldman (TR)   stern@lbbslaw.com, agoldman@ecf.epiqsystems.com
Carl Grumer   cgrumer@manatt.com
Ileana M Hernandez   ihernandez@manatt.com
Joy E Mason   jmason@frandzel.com, efiling@frandzel.com;sking@frandzel.com
Kenneth N Russak   krussak@frandzel.com, efiling@frandzel.com;ltokubo@frandzel.com
United States Trustee (SV)   ustpregion16.wh.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by U.S. Mail to the following person(s) and/or entity(ies) at the address(es) indicated below:

☐ Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s) and/or email address(es) indicated below:

☐ Service information continued on attached page

- 8 -

| | |
|---|---|
| In re:<br>BROCKMAN BUILDING LOFTS LLC<br><br>Debtor(s). | CHAPTER 11<br>CASE NUMBER: 1:09-bk-13713-KT<br>ADVERSARY NUMBER: 1:10-ap-01191-KT |

NOTE: When using this form to indicate service of a proposed order, DO NOT list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
6500 Wilshire Boulevard, Seventeenth Floor, Los Angeles, California 90048-4920

A true and correct copy of the foregoing document described as **NOTICE OF APPEAL** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On December 16, 2010 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the e-mail address indicated below:

Amy L Goldman (TR)   stern@lbbslaw.com, agoldman@ecf.epiqsystems.com
Carl Grumer    cgrumer@manatt.com
Ileana M Hernandez    ihernandez@manatt.com
Joy E Mason    jmason@frandzel.com, efiling@frandzel.com;sking@frandzel.com
Kenneth N Russak    krussak@frandzel.com, efiling@frandzel.com;ltokubo@frandzel.com
United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov

☐ Service Information continued on attached page.

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL (indicate method for each person or entity served):**
On December 16, 2010 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

The Honorable Kathleen Thompson                           VIA OVERNIGHT MAIL
U.S. Bankruptcy Court
21041 Burbank Blvd., Suite 305
Woodland Hills, CA 91367-6606

☒ Service Information continued on attached page.

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):** Pursuant to F.R.Civ.P.5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method ) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service Information continued on attached page.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| | | |
|---|---|---|
| December 16, 2010<br>Date | Sandra Young King<br>Type Name | /s/ King<br>Signature |

---

784136.1  This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                F 9013-3.1

| In re: | CHAPTER 11 |
|---|---|
| BROCKMAN BUILDING LOFTS LLC | CASE NUMBER: 1:09-bk-13713-KT |
| Debtor(s). | ADVERSARY NUMBER: 1:10-ap-01191-KT |

**ADDITIONAL SERVICE INFORMATION** (if needed):

| | | |
|---|---|---|
| Carl Grumer<br>Manatt Phelps & Phillips, LLP<br>11355 West Olympic Boulevard<br>Los Angeles, CA 90064<br><br>Attorney for Respondent:<br>Thermo Grand Avenue, LLC<br><br>VIA U. S. MAIL | United States Trustee<br>Office of the United States Trustee<br>21051 Warner Center Lane, #115<br>Woodland Hills, CA 91367<br><br>VIA U. S. MAIL | |

784136.1  This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                     F 9013-3.1

| In re: | Case 1:09-bk-13713-KT   Doc 134   Filed 12/19/10   Entered 12/19/10 11:05:11   Desc |  |
|--------|---|---|
| BROCKMAN BUILDING LOFTS LLC | Main Document   Page 17 of 18 CHAPTER: 11 | |
| | Debtor(s). | CASE NUMBER: 1:09-bk-13713-KT |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
6500 Wilshire Boulevard, Seventeenth Floor, Los Angeles, California 90048-4920

A true and correct copy of the foregoing document described as **NOTICE OF RELATED APPEAL** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On December 19, 2010 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the e-mail address indicated below:

| | |
|---|---|
| Amy L Goldman | stern@lbbslaw.com, agoldman@ecf.epiqsystems.com |
| Varand Gourjian | vg@gourjianlaw.com, lala@gourjianlaw.com;naz@gourjianlaw.com;art@gourjianlaw.com |
| Carl Grumer | cgrumer@manatt.com |
| Ileana M Hernandez | ihernandez@manatt.com |
| Robert A Hessling | rhessling@dgdk.com |
| Robbin L Itkin | ritkin@steptoe.com |
| Matthew F Kennedy | mkennedy@dgdk.com |
| Mette H Kurth | kurth.mette@arentfox.com |
| Joy E Mason | jmason@frandzel.com, efiling@frandzel.com;sking@frandzel.com |
| Kenneth N Russak | krussak@frandzel.com, efiling@frandzel.com;ltokubo@frandzel.com |
| Evan D Smiley | esmiley@wgllp.com |
| United States Trustee (SV) | ustpregion16.wh.ecf@usdoj.gov |
| William E Winfield | wwinfield@nchc.com |

☐ Service Information continued on attached page.

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On December 19, 2010 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

The Honorable Kathleen Thompson                    VIA OVERNIGHT MAIL
U.S. Bankruptcy Court
21041 Burbank Blvd., Suite 305
Woodland Hills, CA 91367-6606

☒ Service Information continued on attached page.

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P.5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method ) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service Information continued on attached page.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| December 19, 2010 | Joy E. Mason | /s/ Joy E. Mason |
|---|---|---|
| Date | Type Name | Signature |

785032.1  This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                          F 9013-3.1

In re: BROCKMAN BUILDING LOFTS LLC

Debtor(s).

Case 1:09-bk-13713-KT    Doc 134    Filed 12/19/10    Entered 12/19/10 11:05:11    Desc
Main Document    Page 18 of 18

CHAPTER: 11

CASE NUMBER: 1:09-bk-13713-KT

**ADDITIONAL SERVICE INFORMATION (if needed):**

| Carl Grumer<br>Manatt Phelps & Phillips, LLP<br>11355 West Olympic Boulevard<br>Los Angeles, CA 90064<br><br>Attorney for Respondent:<br>Thermo Grand Avenue, LLC<br><br>VIA U. S. MAIL | Robert Hessling & Matthew Kennedy<br>Danning Gill Diamond & Kollitz, LLP<br>2029 Century Park East, 3rd Floor<br>Los Angeles, CA 90067<br><br>Attorneys for Third Party:<br>Amy L. Goldman, Chapter 7 Trustee<br><br>VIA U. S. MAIL | Robin L. Itkin<br>Steptoe & Johnson<br>2121 Avenue of the Stars Suite 2800<br>Los Angeles, CA 90067<br><br>Attorney for Third Party:<br>BHFC Operating LLC<br><br>VIA U. S. MAIL |
|---|---|---|
| Evan D. Smiley<br>Weiland Golden Smiley Wang<br>   Ekvall & Stok, LLP<br>650 Town Center Drive, Suite 950<br>Costa Mesa, CA 92626<br><br>Attorney for Third Party/Debtor :<br>Brockman Building Lofts, LLC<br><br>VIA U. S. MAIL | James Doddy<br>Ramey & DeBlanc LLP<br>6033 W Century Blvd Ste 1180<br>Los Angeles, CA 90045<br><br>Per Manual Notice<br><br>VIA U. S. MAIL | John Flock<br>Bradley and Gmelich<br>700 N Brand Blvd 10th Fl<br>Glendale, CA 91203<br><br>Per Manual Notice<br><br>VIA U. S. MAIL |
| Neil M Sholander<br>Urtnowski & Associates<br>18301 Von Karman Ave Ste 200<br>Irvine, CA 92648<br><br>Per Manual Notice<br><br>VIA U. S. MAIL | United States Trustee<br>Office of the United States Trustee<br>21051 Warner Center Lane, #115<br>Woodland Hills, CA 91367<br><br>VIA U. S. MAIL | |

785032.1  This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 9013-3.1